## STOGSDILL v. STATE.

### No. A-11470. July 3, 1951.

(233 P. 2d 321.)

A. L. Commons, Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The defendant, Sherman J. Stogsdill, was charged by information in the county court of Ottawa county, Oklahoma, with having committed the crime of throwing a missile in a public place on January 27, 1950, under the provisions of Title 21, § 1364, O. S. A. 1941, reading as follows, to wit:

"Every person who wilfully discharges any species of firearm, airgun or other weapon, or throws any other missile in any public place, or in any place where there is any person to be endangered thereby, although no injury to any person shall ensue, is guilty of a misdemeanor."

The case was tried by a jury, defendant convicted and his punishment fixed by the jury at 30 days in jail and a $50 fine and judgment and sentence entered accordingly.

The petition in error sets up numerous assignments. However, no briefs have been filed on behalf of the accused and no appearance made on his behalf at the time the case was set for oral argument on May 15, 1951, and on said date said cause was submitted for consideration upon the record. We have examined the record and find the evidence is sufficient to sustain the jury's verdict. Briefly, the facts were Herbert A. Beauchamp who resided

at Miami, Oklahoma, was employed as a salesman for Western, Incorporated, which happened to be a meat packing concern. On the day in question there was a strike in progress at the plant and Beauchamp and Gerald Miller left the plant to go to Baxter Springs, Kansas, with a load of meat. They had reached a point on Highway 66 just after passing Goodrich Boulevard when the defendant and another party driving in an automobile passed them on the highway and threw a bottle at·them in the truck, and the said bottle missed them but hit the side of the meat truck. The evidence disclosed that the bottle appeared to be a whisky bottle. Both Beauchamp and Gerald Miller testified to that state of facts. The defendant Stogsdill and Lofland, who was driving the Ford automobile which passed them and from which the whisky bottle was allegedly thrown, denied the truthfulness of the charge. There was other evidence to support the denial. It developed at the trial that defendant Stogsdill had served a term in the penitentiary for arson. It is apparent, therefore, that the evidence, though conflicting, was sufficient to create an issue for the determination of the jury which this court has repeatedly held it is without authority of law to interfere with under such conditions. We have examined the information, the instructions, the judgment and sentence and find that the defendant has been accorded his substantial rights. The judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.

